## Boggus *v.* The State.

*Indictment for Violation or Evasion of Prohibition Law.*

1. *Act to prevent violation or evasion of prohibition laws, and of laws requiring license; what must be proved to authorize conviction under.*—In order to sustain a conviction for the offense denounced in the act to prevent the violation or evasion of prohibition laws, or of laws requiring license for the sale of liquors, approved February 19, 1883, three things must appear: 1st, a house, room, inclosure, or other place, where spirituous, vinous or malt liquors are furnished or obtained in violation or evasion of law, or where some device is used to dispose of, furnish, or obtain such liquors, in violation or evasion of law; 2d, such house, room, inclosure, place or device to be so constructed, and in such manner, as to keep the person concealed who furnishes or disposes of the liquor; and, 3d, a sale, disposition or furnishing of such liquor, in violation or evasion of law, by a person who is at the time concealed.

2. *Same; what indictment must show.*—An indictment under this statute must contain, in substance, an averment of each of the ingredients set out above; less than this fails to show a violation of the law.

3. *Same; policy of.*—There is nothing in this statute which provides for the punishment of the person who furnishes or disposes of the liquor; its policy is to prevent such clandestine traffic, by punishing him who keeps or controls the house, place or contrivance, in and by which such illicit traffic can be and is conducted.

APPEAL from Marshall Circuit Court.

Tried before the Hon. JAMES AIKEN.

The appellant, Wm. Boggus, was tried and convicted on an indictment which contained two counts; the first of which charged that he "did keep, or have control of, a house or room in which a person could conceal himself, where spirituous,

[Boggus v. The State.]

vinous or malt liquors were furnished or obtained in violation or evasion of law." The second count charged, that he " did keep, or have control of, a house or room in which a person could conceal himself, where spirituous, vinous or malt liquors were furnished or obtained in violation or evasion of law, or where a device was used to dispose of, furnish or obtain such liquors, in violation or evasion of law, in such a manner as to keep the person concealed who furnished or disposed such liquors." Issue was joined on the plea of not guilty. After part of the testimony was in, the court instructed the jury that they need not consider the second count of the indictment, and a verdict of guilty was had upon the first count. The defendant moved in arrest of judgment, because said count charged no offense known to the law; but his motion was overruled, and he excepted. There were various charges given and refused, which are immaterial in the view of the case taken by this court.

WATTS & SON, for appellant.—The first count of the indictment charged no offense; there is no averment that the sale of liquor was prohibited in Marshall county, or of any facts which made the sale criminal; and until some fact showing a violation of law is set out in an indictment, there can be no conviction under it.—*McIntyre v. State*, 55 Ala. 167. See, also, *Danner v. State*, 54 Ala. 127; and *Johnson v. State*, 32 Ala. 581.

T. N. McCLELLAN, Attorney-General, *contra*.—The indictment is sufficiently certain, and will support the conviction. See 53 Ala. 525; 60 Ala. 50–52.

STONE, C. J.—The present indictment was framed under the act "to prevent the violation or evasion of prohibition laws, and of the laws requiring license to sell spirituous, vinous or malt liquors," approved February 19, 1883.—Sess. Acts, 61. The act is obscurely framed, and badly punctuated. The semicolons in the first section should all be commas. To meet the statutory conditions, three essentials are required : first, a house, room, inclosure, or other place, where spirituous, vinous, or malt liquors are furnished or obtained, in violation or evasion of law, or where some device is used to dispose of, furnish, or obtain such liquors in violation or evasion of law; second, such house, room, inclosure, place or device to be so constructed, and in such manner, as to keep the person concealed, who furnishes or disposes of such liquor; and, third, a sale, disposition, or furnishing of such liquor, in violation or evasion of law, by a person who is at the time concealed. Keeping or controlling a house, room, place, &c., without more, is certainly no offense against the law. Nor would a mere hiding-place, or

[Varnum v. The State.]

device, contrived for the concealment of a person, complete the offense, or raise the act up to the grade of criminality. To be a violation of the statute, one or more of the named kinds of liquor must be furnished or disposed of, by a person who is at the time concealed. It is immaterial by or to whom the liquor is furnished, or disposed of. The three conditions concurring, the offense is complete.

There is nothing in this statute which provides for the punishment of the person who furnishes or disposes of the liquor. He is probably indictable under some other statute. The policy of this enactment is, to prevent such clandestine traffic, by punishing him who keeps or controls the house, place, or contrivance, in and by which such illicit traffic can be and is conducted. An indictment under this statute, to be sufficient, must contain, in substance, each of the ingredients of the offense described above. Less than this fails to set forth a violation of the statute.

For some reason, not explained, the defendant appears to have been tried only on the first count in the indictment. That, however, is an immaterial matter, as each count is insufficient to uphold the conviction. What we have said about the constituents of the offense, will furnish a sufficient guide for framing another indictment, should the prosecution be continued. We have also indicated what facts it is necessary to prove, to justify a conviction. We need not notice the many exceptions.

Reversed and remanded. The prisoner to remain in custody, until discharged by due course of law.